UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BENOIT FORD, LLC and** <br> **BENOIT NISSAN, LLC** <br> *Plaintiffs* <br><br> **VERSUS** <br><br> **LEXINGTON INSURANCE COMPANY,** <br> **NORTH AMERICAN CAPACITY** <br> **INSURANCE COMPANY, PELEUS** <br> **INSURANCE COMPANY, ALLIED** <br> **WORLD SPECIALTY INSURANCE** <br> **COMPANY, and BROWN & BROWN OF** <br> **LOUISIANA, LLC** <br> *Defendants* | * CASE NO. 2:22-cv-06024 <br> * <br> * <br> * <br> * DISTRICT JUDGE JAMES D. CAIN, JR. <br> * <br> * <br> * MAGISTRATE JUDGE KATHLEEN KAY <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Benoit Ford, LLC and Benoit Nissan, LLC, and pursuant to Fed. R. Civ. P. 15 submit this First Amended and Supplemental Complaint in full substitution of the Original Petition for Damages [Doc. 1-2] as follows:

*Parties*

1. Benoit Ford, LLC and Benoit Nissan, LLC ("Plaintiffs") are Louisiana limited liability companies domiciled in Vernon Parish.

2. Made defendants herein are:

   a. Lexington Insurance Company ("Lexington"), a foreign insurer authorized and doing business in Louisiana;

   b. North American Capacity Insurance Company ("North American"), a foreign insurer authorized and doing business in Louisiana;

   c. Peleus Insurance Company ("Peleus"), a foreign insurer authorized and doing business in Louisiana;

  d. Allied World Specialty Insurance Company ("Allied World"), a foreign insurer authorized and doing business in Louisiana; and

  e. Brown & Brown of Louisiana, LLC ("Brown & Brown"), a Louisiana limited liability company domiciled in East Baton Rouge Parish.

3. Defendants are liable to Plaintiffs jointly, severally, and *in solido* for damages based on the following described facts and occurrences.

## *Facts*

4. Plaintiffs own and operate the Benoit Ford and Benoit Nissan dealerships in DeRidder, Louisiana (the "Dealerships").

5. The Dealerships sell new and used cars, trucks, and SUVs.

6. Between August 2021 and October 2021, the Dealerships sold the following vehicles through its touchless delivery system:

  a. On or about August 13, 2021, a 2021 Nissan Armada Utility 4D Platinum 5.6L V8 (VIN: JN8AY2DAXM9374617) was sold to Christine M. Babineau of 7 Sequoia Drive, Lunenburg, MA 01482;

  b. On or about September 8, 2021, a 2018 Land Rover Range Rover Velar Dynamic SE (VIN: SALGS2RE1KA535427) was sold to Jason James Rippon of 140 Peregrine Lane, Hummelstown, PA 17036;

  c. On or about September 20, 2021, a 2021 Nissan Armada Utility 4D Platinum 5.6L V8 (VIN: JN8AY2DAXM9374777) was sold to Richard James Peterson of 565 Worth Street, Corry, PA 16407;

    d.    On or about September 20, 2021, a 2021 Ford F150 Crew Cab Raptor 4WD 3.5L V6 Turbo (VIN: 1FTFW1RG5MFC19358) was sold to Richard Robert Rieman of 2585 Echo Farms Drive, Port Orange, FL 32128; and

    e.    On or about October 5, 2021, a 2021 Ford F150 Crew Cab Lariat EcoBoost 4WD (VIN: 1FTFW1E83MKE21699) was sold to Robert James Craiglow of 8626 SE 137th Loop, Summerfield, FL 34491 (collectively, the "Vehicles").

7.    Through the Dealerships' touchless delivery system, which was implemented during the Covid-19 pandemic to minimize in-person contact between buyers and the Dealerships, the prospective buyer purchases the vehicle online with a credit application submitted to the respective lender. Once the credit and vehicle applications are approved, the registration, title, and other miscellaneous paperwork is completed and signed electronically or overnighted between the buyer and the Dealerships.

8.    After finalization of all paperwork, the lenders send Plaintiffs payment for the vehicle and the buyer arranges transport with their chosen third-party delivery service, who functions as the buyer's agent and delivers the vehicle as directed by the buyer.

9.    In this case, the above-described Vehicles were fraudulently obtained by the purchasers through executing the required applications and paperwork with either a fake identity or assuming a stolen identity, exactly which has yet to be determined as investigation of the thefts is ongoing. The various lenders would then issue payment to Plaintiffs and the fraudulent purchasers would take possession of the Vehicles through the agent arranged by the purchaser for transport. Upon information and belief, the Vehicles were misappropriated or stolen in this manner as part of an organized outfit.

10.     The respective lenders later determined that the Vehicles were stolen and that no payments would be made on the financing agreements.  Accordingly, the lenders required Plaintiffs to reimburse the purchase price for the Vehicles based on the contractual relationship between those parties.

11.     On or about December 1, 2021, Benoit reported the theft of the Vehicles to the Vernon Parish Sheriff's Office, and a list of the stolen Vehicles was subsequently placed into the National Crime Information Center (NCIC).

### *Liability of Lexington Insurance Company*

12.     Plaintiffs adopt, reallege, and incorporate the above and preceding allegations.

13.     Lexington issued a Dealer Open Lot Policy to Benoit, namely Policy No. 41-LX-027570828-3 (the "Dealer Policy"), which policy, *inter alia*, provides coverage for the loss suffered by Plaintiffs resulting from the theft of the Vehicles.

14.     At all times material hereto, Plaintiffs maintained the Dealer Policy, which has an effective policy period of July 18, 2021 through July 18, 2022, by complying with all terms and conditions and timely paying all premiums.

15.     Plaintiffs submitted an insurance claim(s) pursuant to the Dealer Policy for the stolen Vehicles.  Lexington denied coverage and refused to issue payment on the claim(s).

16.     Lexington's failure or refusal to pay the claim(s) constitutes a breach of the Dealer Policy for which Lexington is liable to Plaintiffs.

17.     As a result of Lexington's actions, Plaintiffs sustained substantial damages, including loss of the value of the Vehicles, attorney fees, and other damages to be proven at trial.

18. Plaintiffs show that Lexington's conduct in denying or otherwise failing to adhere to the terms of the Dealer Policy was arbitrary, capricious, and without justification, thus rendering Lexington liable for penalties and attorney fees in accordance with Louisiana statutory law.

### *Liability of North American Capacity Insurance Company and Peleus Insurance Company*

19. Plaintiffs adopt, reallege, and incorporate the above and preceding allegations.

20. North American and Peleus issued a Coalition Cyber Policy to Plaintiffs, namely Policy No. C-4LWN-092758-CYBER-2021 (the "Cyber Policy"), which policy, *inter alia*, provides coverage for the loss suffered by Plaintiffs resulting from the theft of the Vehicles.

21. At all times material hereto, Plaintiffs maintained the Cyber Policy, which had an effective policy period of January 1, 2021 through January 1, 2022, by complying with all terms and conditions and timely paying all premiums.

22. Plaintiffs submitted an insurance claim(s) for the stolen Vehicles pursuant to the Cyber Policy. North American and Peleus denied coverage and refused to issue payment on the claim(s).

23. North American and Peleus's failure or refusal to pay the claim(s) constitutes a breach of the Cyber Policy for which North American and Peleus are liable to Plaintiffs.

24. As a result of North American and Peleus's actions, Plaintiffs sustained substantial damages, including loss of the value of the Vehicles, attorney fees, and other damages to be proven at trial.

25. Plaintiffs show that North American and Peleus' conduct in denying coverage or otherwise failing to adhere to the terms of the Cyber Policy was arbitrary, capricious, and without justification, thus rendering North American and Peleus liable for penalties and attorney fees in accordance with Louisiana statutory law.

### *Liability of Allied World Specialty Insurance Company*

26. Plaintiffs adopt, reallege, and incorporate the above and preceding allegations.

27. Allied World issued a Commercial Package Policy that includes Commercial Crime Coverage to Plaintiffs, namely Policy No. 6203-1078-2 (the "Commercial Crime Policy"), which policy, *inter alia*, provides coverage for the loss suffered by Plaintiffs resulting from the theft of the Vehicles.

28. At all times material hereto, Plaintiffs maintained the Commercial Crime Policy, which had an effective policy period of January 1, 2021 through January 1, 2022, by complying with all terms and conditions and timely paying all premiums.

29. Plaintiffs submitted an insurance claim(s) for the stolen Vehicles pursuant to the Commercial Crime Policy. Allied World denied coverage and refused to issue payment on the claim(s).

30. Allied World's failure or refusal to pay the claim(s) constitutes a breach of the Commercial Crime Policy for which Allied World is liable to Plaintiffs.

31. As a result of Allied World's actions, Plaintiffs sustained substantial damages, including loss of the value of the Vehicles, attorney fees, and other damages to be proven at trial.

32. Plaintiffs show that Allied World's conduct in denying coverage or otherwise failing to adhere to the terms of the Commercial Crime Policy was arbitrary, capricious, and without justification, thus rendering Allied World liable for penalties and attorney fees in accordance with Louisiana statutory law.

### *Liability of Brown & Brown of Louisiana, LLC*

33. Plaintiffs adopt, reallege, and incorporate the above and preceding allegations.

34. The Dealer Policy, Cyber Policy, and Commercial Crime Policy (collectively, the "Policies") were procured by insurance agent or broker, Brown & Brown, on Plaintiffs' behalf.

35. Plaintiffs justifiably relied upon Brown & Brown's expertise to obtain adequate and comprehensive insurance coverage for the Dealerships and their contents, specifically including coverage for the type of loss described herein.

36. Plaintiffs maintain that coverage is provided under one or more of the above described Polices, but alternatively plead that in the event no coverage exists, Brown & Brown committed professional negligence and/or errors and omissions in failing to procure policies that would provide sufficient coverage for the loss at issue.

37. Plaintiffs further maintain that they complied with the necessary terms of the Policies in the submission of its claims for the stolen Vehicles, but alternatively plead that in the event no coverage exists due to nonfulfillment of any Policy condition therein, Brown & Brown committed professional negligence and/or errors and omissions in failing to ensure compliance with the terms and conditions of the Policies when submitting claims on Plaintiffs' behalf.

38. To the extent it is determined by the trier of fact that no coverage exists for Plaintiffs' loss under the Policies, Brown & Brown breached its duties and obligations to Plaintiffs, rendering Brown & Brown liable unto Plaintiffs for all damages permitted by law.

### *Prayer for Relief*

**WHEREFORE**, Plaintiffs, Benoit Ford, LLC and Benoit Nissan, LLC, pray that this First Amended and Supplemental Complaint be field herein, and after due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants as follows:

(i)     All amounts due under the Policies;

(ii)     All damages resulting from Lexington, North American, Peleus, and Allied World's breach of the Policies, together with attorney fees, statutory penalties, cost of these proceedings, and interest on all sums awarded;

(iii)     Alternatively, all damages resulting from Defendant Brown & Brown's negligence, breach of duties, and errors and omissions in failing to obtain sufficient insurance coverage, including attorney fees, cost of these proceedings, and interest on all sums awarded; and

(iv)     All further and full relief permitted by law.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:    */s/ B. Gene Taylor III*
       B. Gene Taylor III (Bar Roll #33407)
       Connor C. Headrick (Bar Roll #38265)
       Conner L. Dillon (Bar Roll #39864)
       2001 MacArthur Drive
       P.O. Box 6118
       Alexandria, LA 71307-6118
       T: (318) 445-6471 F: (318) 548-3735
       Email: gtaylor@goldweems.com

-and-

**ANTONY LAW GROUP, LLC**

       Max S. Antony (Bar Roll #36356)
       106 E. Lula Street
       Leesville, LA 71446
       T: (337) 239-6292 F: (337) 404-9085
       Email: max@antonylawgroup.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading was filed electronically with the Clerk of Court and delivered to all counsel of record via the CM/ECF system on this 20th day of January, 2023.

            */s/ B. Gene Taylor III*
            B. Gene Taylor III