UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BENOIT FORD LLC, ET AL.**          :          **CIVIL ACTION NO. 2:22-cv-06024**

**VERSUS**                           :          **JUDGE JAMES D. CAIN, JR.**

**LEXINGTON INSURANCE CO., ET AL.**  :          **MAGISTRATE JUDGE LEBLANC**

REPORT AND RECOMMENDATION

Pursuant to the power of the court to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases, it is the **RECOMMENDATION**, issued *sua sponte*, that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiffs' failure to prosecute and failure to follow the rules and orders of this court.

I.
BACKGROUND

This suit was filed in the 30th Judicial District Court, Vernon Parish, Louisiana, by plaintiff through their former counsel. Doc. 1, att. 2, pp. 3-9. After the matter was removed to this court, the court held a scheduling conference to set the matter for trial, during which plaintiffs' counsel informed the court of their intention to withdraw as counsel of record. Doc. 67. Counsel subsequently filed a motion to withdraw. Doc. 70. Counsel explained they notified plaintiffs of all deadlines and pending court appearances and provided the court with plaintiffs' contact information. *Id.* at p. 2.

The court originally denied the motion because to grant such a motion "would leave two juridical entities unrepresented and hamper the Court's ability to see this matter to a conclusion." Doc. 72. The court, however, indicated counsel would be allowed to withdraw immediately if

1

substitute counsel enrolled. *Id.* The court also cautioned that if plaintiffs did not retain new counsel to substitute for current counsel by March 2, 2024, the court would recommend this matter be dismissed for failure to prosecute. *Id.* Withdrawing plaintiffs' counsel was ordered to forward notice of the order to plaintiffs and to certify their efforts to provide such notice. *Id.* Counsel complied. Doc. 73. No substitute counsel has enrolled.

The court held a scheduling conference on March 26, 2024, and withdrawing plaintiffs' counsel appeared for plaintiff and again informed the court of their intention to withdraw. Doc. 75. The minutes from the scheduling conference warned plaintiffs they had until April 23, 2024, to have new counsel enroll, otherwise they would "be subject to a recommendation of dismissal for failure to prosecute and/or for failure to obey orders of the court." *Id.*

The court issued a memorandum order allowing former plaintiffs' counsel to withdraw and again informing plaintiffs that as juridical entities, plaintiffs can only be represented in court by licensed counsel. Doc. 76. The order again cautioned plaintiffs that by April 23, 2024, "counsel must be enrolled to represent each of the plaintiffs. Failure to enroll new counsel will result in a recommendation that the case as to any such unrepresented plaintiff be dismissed without prejudice. . . ." *Id.* at p. 3. This deadline has since passed, and plaintiffs' counsel has still not enrolled, in violation of this court's order [doc. 76].

## II.
## LAW & ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

The court has warned plaintiffs thrice already that they must be represented by an attorney at law to proceed in this matter. *E.g.*, docs. 72, 75, 76. As detailed above, plaintiffs have failed to obtain enrolled counsel so they can participate in the prosecution of this case. Additionally, this court issued two orders instructing plaintiffs to obtain counsel to enroll in this matter on plaintiffs' behalf and warning plaintiffs that failure to do so would lead the court to issue a Report and Recommendation that this matter be dismissed. Docs. 72, 76. Plaintiffs failed to abide by those orders. All of this taken together indicates plaintiffs are not prosecuting their claim as they should. Therefore, the court finds that plaintiffs have caused undue delays in the prosecution of this case and have furthermore failed to comply with orders of this court.

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that pursuant to the court's sanctioning authority, this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiffs' failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

**IT IS FURTHER RECOMMENDED** that, should the District Court accept the aforementioned recommendation, then the Ex Parte Motion to Lift Stay and for Recommendation of Dismissal Without Prejudice [Doc. 77] filed by defendant Brown & Brown of Louisiana, LLC be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of August, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE